OPINION *Page 2 
{¶ 1} Plaintiff-appellant the State of Ohio appeals the January 16, 2007 Judgment Entry of the Stark County Court of Common Pleas, Juvenile Division dismissing the State's request for a juvenile sex offender registration hearing relative to Appellee Matthew Mudrick, a juvenile delinquent.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On March 14, 2005, Appellee pleaded true to the charges of rape and gross sexual imposition involving sexual conduct with a five year-old female child. At the time of the offense, Appellee was fifteen years-old.
 {¶ 3} The trial court adjudged Appellee a delinquent child, and sentenced him to a commitment with the Ohio Department of Youth Services for an indefinite term of one year up to the date of his twenty-first birthday. The court further ordered no contact with the victim and a registration hearing "to be scheduled prior to release."
 {¶ 4} In June of 2005, the trial court permitted DYS to transfer Appellee to the Lighthouse Youth Center-Paint Creek, acknowledging the program is "staff-secure."
 {¶ 5} Subsequently, the State moved the trial court for a juvenile sex offender registration hearing prior to Appellee's presumptive release date from the custody of DYS on February 28, 2007.
 {¶ 6} On January 16, 2007, the matter came on for hearing. At the commencement of the hearing, Appellee moved to dismiss the registration hearing, arguing the trial court no longer had jurisdiction over Appellee.
 {¶ 7} Via Judgment Entry of January 16, 2007, the trial court dismissed the matter for lack of jurisdiction. *Page 3 
 {¶ 8} The State now appeals, assigning as error:
 {¶ 9} "I. THE JUVENILE COURT ERRED AS A MATTER OF LAW WHEN IT HELD THAT IT LACKED JURISDICTION TO DETERMINE WHETHER APPELLEE SHOULD COMPLY WITH JUVENILE SEX OFFENDER REPORTING REQUIREMENTS."
 {¶ 10} Ohio Revised Code Section 2152.83(B)(1) governs the sex offender registration issue at hand:
 {¶ 11} "(B)(1) The court that adjudicates a child a delinquent child, on the judge's own motion, may conduct at the time of disposition of thechild or, if the court commits the child for the delinquent act to thecustody of a secure facility, may conduct at the time of the child'srelease from the secure facility, a hearing for the purposes described in division (B)(2) . . ."
 {¶ 12} (Emphasis added.)
 {¶ 13} Section (H) of R.C. Section 2153.83 states "secure facility" is defined as it is in Section 2950.01. Section 2950.01 (K) defines secure facility as follows:
 {¶ 14} "(K) "Secure facility" means any facility that is designed and operated to ensure that all of its entrances and exits are locked and under the exclusive control of its staff and to ensure that, because of that exclusive control, no person who is institutionalized or confined in the facility may leave the facility without permission or supervision." (Emphasis added.)
 {¶ 15} Here, Appellee was transferred to the Lighthouse Youth Center-Paint Creek, a staff secure residential treatment center. Paint Creek and DYS have a contractual relationship whereby Paint Creek houses and treats juvenile sex offenders. *Page 4 
 {¶ 16} Testimony at the January 16, 2007 hearing established Paint Creek conducts constant staff monitoring of juvenile offenders, and physical restraints are used as needed to secure juvenile residents. However, there was ample evidence offered at the hearing to establish Paint Creek does not have locked doors. Rather, security is maintained only through staff monitoring. Accordingly, pursuant to the definition of "secure facility" set forth in R.C. 2950.01(K), Paint Creek is not a secure facility as it does not have all of its entrances and exits locked. Therefore, the trial court did not err in determining it lacked jurisdiction to conduct the juvenile sex offender registration hearing pursuant to R.C. 2152.83(B)(1).
 {¶ 17} While we may agree with the State's argument the practical effect of our reading of the statute may be detrimental to the public interest in encouraging rehabilitation and treatment of juveniles; we find the issue best left to the legislature to address.
 {¶ 18} The January 16, 2007 Judgment Entry of the Stark County Court of Common Pleas, Juvenile Division, is affirmed.
 Hoffman, P.J. Edwards, J. and Delaney, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the January 16, 2007 Judgment Entry of the Stark County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to Appellant. *Page 1