[Cite as *In re R.H.*, 2016-Ohio-7379.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: R.H. | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| | : | Hon. W. Scott Gwin, J. |
| | : | Hon. John W. Wise, J. |
| | : | |
| | : | |
| | : | Case No. 2016CA00078 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Court of Common Pleas, Family Court Division, Case No. 2015JCR01594

JUDGMENT:     Remanded

DATE OF JUDGMENT:     October 17, 2016

APPEARANCES:

For Appellee

JOHN D. FERRERO
Prosecuting Attorney
By: RENEE M. WATSON
Assistant Prosecutor
110 Central Plaza, South – Suite 510
Canton, OH  44702-0049

For Appellant

CHARYLYN BOHLAND
250 East Broad Street
Suite 1400
Columbus, OH  43215

*Farmer, P.J.*

{¶1} On December 15, 2015, appellant, R.H., age sixteen, pled true to one count of rape in violation of R.C. 2907.02. A disposition and registration hearing was held on March 1, 2016. By judgment entry filed March 2, 2015, the trial court remanded appellant to the Multi-County Juvenile Attention Center pending transfer to the Department of Youth Services for a minimum period of one year, but recommended appellant be placed at Paint Creek, a staff secured community based correctional facility. In a separate filing on same date, the trial court also classified appellant as a Tier III juvenile offender registrant.

{¶2} In a judgment entry filed March 17, 2016, the trial court remanded appellant to the Multi-County Juvenile Attention Center pending transfer to the Department of Youth Services for a minimum of one year to a maximum of appellant attaining the age of twenty-one, and ordered appellant be conveyed and delivered to Indian River Juvenile Correctional Facility, a secured facility.

{¶3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶4} "THE JUVENILE COURT ERRED WHEN IT CLASSIFIED R.H. AS A JUVENILE OFFENDER REGISTRANT BECAUSE IT DID NOT MAKE THAT DETERMINATION UPON HIS RELEASE FROM THE SECURE FACILITY, IN VIOLATION OF R.C. 2152.83(A)(1)."

II

{¶5}   "THE JUVENILE COURT ERRED WHEN IT CLASSIFIED R.H. AS A JUVENILE OFFENDER REGISTRANT BECAUSE R.H.'S STATUS AS A MANDATORY REGISTRANT UNDER R.C. 2152.83(A) VIOLATES THE EQUAL PROTECTION CLAUSES OF THE U.S. AND OHIO CONSTITUTIONS."

III

{¶6}   "R.H. WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION; AND, ARTICLE I, SECTION 10, OHIO CONSTITUTION."

I

{¶7}   Appellant claims the trial court erred in classifying him as a juvenile offender registrant when he had yet to be released from a secured facility.  We agree in part.

{¶8}   R.C. 2152.83 governs order classifying child as juvenile offender registrant.  Subsection (A)(1) states the following:

(A)(1) The court that adjudicates a child a delinquent child shall issue as part of the dispositional order or, if the court commits the child for the delinquent act to the custody of a secure facility, shall issue at the time of the child's release from the secure facility an order that classifies the child a juvenile offender registrant and specifies that the child has a duty to comply with sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code if all of the following apply:

(a) The act for which the child is or was adjudicated a delinquent child is a sexually oriented offense or a child-victim oriented offense that the child committed on or after January 1, 2002.

(b) The child was sixteen or seventeen years of age at the time of committing the offense.

(c) The court was not required to classify the child a juvenile offender registrant under section 2152.82 of the Revised Code or as both a juvenile offender registrant and a public registry-qualified juvenile offender registrant under section 2152.86 of the Revised Code.

{¶9} During the disposition and registration hearing held on March 1, 2016, the trial court ordered the following (March 1, 2016 T. at 14-15):

THE COURT: All right [R.] I am going to commit you to the Department of Youth Services for a minimum period of one year. They can keep you longer than that. I'm going to recommend that they ah…ah…um house you at Paint Creek which is a staff secure facility and it specializes in sex offender treatment. So hopefully you will get what you need there. I am going to order you to complete sex offender treatment while you are there. You are not to have any contact with the victim or any children under the age of eighteen until this Order has been modified.***Um as far as the Registration is concerned I feel that I cannot in good conscience ah have you back in the community at this point

without ah community notifications. So I am going to register you as a Tier 3 with community registration or community notification. Um and that will…I need to go through this form with you to make sure that you understand what the registration requires you to do. Now while you are in DYS ah custody you will they will ah assist you with fulfilling your registration obligation but when you are not in their custody then you will have to do that with the assistance of your parents. And it's very important that you follow these rules exactly. I'm going to give you a copy of the rules before you go…um again DYS will help you at the beginning but ah it's very important that you understand these rules.

{¶10} In its judgment entry filed March 17, 2016, the trial court stated the following:

The juvenile was found to be delinquent and prior order in case number 2015JCR01594 is hereby imposed. Said juvenile is **COMMITTED** to the **OHIO DEPARTMENT OF YOUTH SERVICES** for a minimum of **ONE (1) YEAR** and no more than said youth's attainment of the age of twenty-one (21) years. Said acts which if committed by an adult would constitute a felony, to wit: **ONE (1) COUNT OF RAPE (F1), SECTION 2907.02A1A OF THE OHIO REVISED CODE.**

\*\*\*

IT IS FURTHER ORDERED that said juvenile shall be REMANDED to the Multi-County Juvenile Attention Center, a place of juvenile detention, pending transfer to Department of Youth Services. That the juvenile be detained for a period not to exceed ninety (90) days. Juvenile has served a total of 22 days in detention.***

IT IS FURTHER ORDERED that a warrant be issued to the Sheriff of Stark County to convey and deliver said juvenile to said place of commitment to **INDIAN RIVER JUVENILE CORRECTIONAL FACILITY, MASSILLON, OHIO,** as herein above provided as soon as such juvenile can be accepted and received by said place of commitment and that due return thereof be made to this Court.

{¶11} It is clear that the trial court assumed appellant would be transferred by the Department of Youth Services to Paint Creek, a non-secured facility. *In re Mudrick,* 5th Dist. Stark No. 2007CA00038, 2007-Ohio-6800. However, the record on appeal only demonstrates that appellant was conveyed to Indian River Juvenile Correctional Facility, a secured facility. *See* Warrant to Convey filed March 17, 2016.

{¶12} Although some six and one-half months have passed, the record only shows that appellant was placed in a secured facility and the classification of appellant as a juvenile registrant may have been premature.

{¶13} The matter is remanded to the trial court to determine where appellant is committed. If appellant remains in a secured facility, the juvenile offender registrant

classification is vacated; if appellant is in a staff secured/non-secured facility, the classification stands.

{¶14}  Assignment of Error I is remanded for further determination.

II

{¶15}  Appellant claims R.C. 2152.83(A) violates the Equal Protection Clause of the United States and Ohio Constitutions.  Pursuant to our opinion in *In Re: D.D.,* 5th Dist. Stark No. 2015CA0043, 2015-Ohio-3999, this assignment of error is denied.  *See also In re M.R.,* 7th Dist. Jefferson No. 13 JE 30, 2014-Ohio-2623, *aff'd in part and dismissed in part,* ___ Ohio St.3d ___, 2016-Ohio-5451.

III

{¶16}  Appellant claims he was denied the effective assistance of counsel. Based upon our decision in Assignment of Error I, we find this assignment to be moot.

{¶17}  The judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is hereby remanded.

By Farmer, P.J.

Gwin, J. and

Wise, J. concur.

SGF/sg 106