[Cite as *In re E.S.*, 2021-Ohio-3722.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: E.S. | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| | : | |
| | : | |
| | : | |
| | : | Case No. 2021 CA 00028 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Juvenile Division, Case Nos. A2018-0181 & A2017-0847

JUDGMENT:      Reversed & Judgment Vacated

DATE OF JUDGMENT:      October 19, 2021

APPEARANCES:

For Plaintiff-Appellant

STEPHANIE F. KESSLER
455 Delta Avenue
Suite 105
Cincinnati, OH 45226

For Defendant-Appellee

PAULA M. SAWYERS
20 South Second Street
Fourth Floor
Newark, OH 43055

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant, E.S., appeals the March 10, 2021 judgment entry of the Court of Common Pleas of Licking County, Ohio, Juvenile Division, classifying him as a tier III sex offender (juvenile offender registrant).  Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On November 29, 2017, a complaint was filed charging appellant, a juvenile, with seven counts of rape in violation of R.C. 2907.02 and four counts of gross sexual imposition in violation of R.C. 2907.05 (Case No. A2017-0847).

{¶ 3}   On March 6, 2018, a complaint was filed in a second case charging appellant with three counts of rape in violation of R.C. 2907.02 (Case No. A2018-0181).

{¶ 4}   On March 7, 2018, a superseding indictment was filed stemming from the two complaints charging appellant with six counts of rape in violation of R.C. 2907.02 and two counts of gross sexual imposition in violation of R.C. 2907.05.   These counts subjected appellant to a serious youthful offender classification.

{¶ 5}   Said charges arose from incidents over a period of years involving two children under the age of thirteen when the incidents started.

{¶ 6}   On May 7, 2018, appellant admitted to seven counts of rape and four counts of gross sexual imposition from the two complaints.   Three of the rape counts were dismissed.  Appellant also pled guilty to five counts from the indictment consisting of three counts of rape and two counts of gross sexual imposition.  By judgment entry filed May 15, 2018, the trial court adjudicated appellant a delinquent child and found him to be a serious youthful offender.

{¶ 7}   A dispositional hearing was held on July 17, 2018.  By judgment entry filed July 18, 2018, the trial court committed appellant to the Department of Youth Services

(hereinafter "DYS") for an indefinite term of not less than one year up to the age of twenty-one on four of the rape counts and an indefinite commitment of not less than six months up to the age of twenty-one on two of the gross sexual imposition counts. Classification as a juvenile-offender registrant was stayed pending his release from the Department of Youth Services. Also, the trial court classified appellant as a serious youthful offender and sentenced him to an aggregate term of ten years of incarceration on the counts from the indictment. The trial court designated appellant a tier III sex offender. The ten-year aggregate sentence, along with the tier III classification, were stayed pending successful completion of the juvenile disposition.

{¶ 8} Appellant began his sentence at a juvenile detention center, and was then transferred in August 2018 to Lighthouse Youth Services - Paint Creek. Appellant remained there until his 21st birthday on March 11, 2021.

{¶ 9} On March 10, 2021, one day prior to appellant's 21st birthday, the state filed a motion for classification as a juvenile-offender registrant. The trial court held a hearing later that same day, five hours after notifying the parties of the hearing. By judgment entry filed March 10, 2021, the trial court classified appellant as a tier III sex offender (juvenile offender registrant). By judgment entry filed May 12, 2021, the trial court terminated the serious youthful offender sentence because appellant had successfully completed his juvenile disposition.

{¶ 10} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶ 11} "THE COURT ERRED WHEN IT CLASSIFIED E.S. AS A JUVENILE OFFENDER REGISTRANT BECAUSE IT DID NOT MAKE THAT DETERMINATION

UPON HIS RELEASE FROM A SECURE FACILITY IN VIOLATION OF R.C. 2152.83(B)(1)."

II

{¶ 12} "THE JUVENILE COURT VIOLATED E.S.'S RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN IT CONDUCTED A CLASSIFICATION HEARING ON THE SAME DAY COUNSEL WAS NOTIFIED OF THE HEARING IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 16 OF THE OHIO CONSTITUTION."

III

{¶ 13} "THE JUVENILE COURT VIOLATED E.S.'S RIGHT TO DUE PROCESS OF LAW WHEN IT CONDUCTED A HEARING A (SIC) CLASSIFICATION AFTER GIVING LESS THAN ONE DAY'S NOTICE TO E.S. AND HIS COUNSEL IN VIOLATION OF JUV.R. 18(D), THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 16 OF THE OHIO CONSTITUTION."

IV

{¶ 14} "THE TRIAL COURT ERRED WHEN IT DETERMINED A TIER III CLASSIFICATION WAS APPROPRIATE FOR E.S."

I

{¶ 15} In his first assignment of error, appellant claims the trial court erred in classifying him as a juvenile offender registrant because it did not make that determination upon his release from a secure facility in violation of R.C. 2152.83(B)(1).  We agree.

{¶ 16} R.C. 2152.83(B)(1) states the following:

The court that adjudicates a child a delinquent child, on the judge's own motion, may conduct at the time of disposition of the child or, if the court commits the child for the delinquent act to the custody of a secure facility, may conduct at the time of the child's release from the secure facility a hearing for the purposes described in division (B)(2) of this section if all of the following apply:

(a) The act for which the child is adjudicated a delinquent child is a sexually oriented offense or a child-victim oriented offense that the child committed on or after January 1, 2002.

(b) The child was fourteen or fifteen years of age at the time of committing the offense.

(c) The court was not required to classify the child a juvenile offender registrant under section 2152.82 of the Revised Code or as both a juvenile offender registrant and a public registry-qualified juvenile offender registrant under section 2152.86 of the Revised Code.

{¶ 17} Subsection (A) mirrors subsection (B), except "may" (discretionary) is replaced with "shall" (mandatory) if the child-offender "was sixteen or seventeen years of age at the time of committing the offense."  In this case, appellant committed the acts prior to turning fourteen and through the age of seventeen, so both subsections apply.

{¶ 18} In *In re Mudrick,* 5th Dist. Stark No. 2007CA00038, 2007-Ohio-6800, the juvenile offender was committed to DYS in March 2005 for an indefinite term of one year up to the date of his twenty-first birthday.  Shortly thereafter in June 2005, he was transferred to Paint Creek.  In January 2007, the trial court held a juvenile sex offender

registration hearing at the state's request prior to the juvenile offender's presumptive release date from the custody of DYS in February 2007. Upon defense counsel's motion, the trial court dismissed the matter for lack of jurisdiction. This court agreed with the trial court's dismissal, finding the Paint Creek facility was not a "secure facility" under R.C. 2153.83 and 2950.01(K), and therefore the trial court lacked jurisdiction to conduct the hearing.

{¶ 19} In its appellate brief at 10, appellee argues *Mudrick* is distinguishable because it involved subsection (B), a discretionary classification, and this case involved a mandatory classification under subsection (A). We do not find *Mudrick* to apply only to subsection (B) classifications because the decision's focus was on the term "secure facility" which is found in both subsections (A) and (B).

{¶ 20} Also, in its appellate brief at 10, appellee argues because appellant was in the custody of DYS until his twenty-first birthday, he was "placed in the 'custody of a secure facility,' not simply a child placed at a secure facility." In support, appellee cites the case of *In re T.D.,* 12th Dist. Clinton No. CA2010-01-002, 2010-Ohio-6081, *reconsideration denied,* 12th Dist. Clinton No. CA2010–01–002, 2011-Ohio-671, *rev'd on other grounds, In re Cases Held for the Decision in In re D.J.S.,* 130 Ohio St.3d 253, 2011-Ohio-5349, 957 N.E.2d 288. In *T.D.* at ¶ 19, our colleagues from the Twelfth District found, "appellant's conveyance to PCYC [Paint Creek] was merely a temporary transfer to a rehabilitation facility where he received substance abuse and sex offender treatment." The *T.D.* court concluded at ¶ 22, "[b]ecause it is apparent from the record that DYS intended to retain custody of appellant for the duration of his treatment at PCYC, appellant's argument that he should have been classified upon his transfer to PCYC is without merit." We note in *T.D.,* the juvenile offender was transferred back to DYS

following his time at Paint Creek, one year prior to his release from DYS. *Id.* at ¶ 6. In this case, appellant finished his time while at Paint Creek; he was never transferred back to DYS. We find the *T.D.* case to be distinguishable.

{¶ 21} We adhere to our decision in *Mudrick,* and find the trial court in this case lacked jurisdiction to classify appellant as a juvenile offender registrant because it did not make that determination upon his release from a secure facility in violation of R.C. 2152.83.

{¶ 22} Assignment of Error I is granted.

## II, III, IV

{¶ 23} Based upon our decision in Assignment of Error I, these assignments are moot.

{¶ 24} The judgment of the Court of Common Pleas of Licking County, Ohio, Juvenile Division, is hereby reversed, and the judgment on appellant's classification as a juvenile offender registrant is vacated.

By Wise, Earle, J.

Hoffman, P.J. and

Delaney, J. concur.

EEW/db

[Cite as *In re E.S.*, 2021-Ohio-3722.]